## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JUAN GRIEBEN, individually and on behalf of all others similarly situated, )<br><br>)<br>)<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>FASHION NOVA, INC., )<br>)<br>*Defendant*. )<br>) | Civil Action No. _____<br>(Removed from Circuit Court of the 11th Judicial Circuit (Miami-Dade Cty.), No. 2021-021071-CA-01) |

### NOTICE OF REMOVAL

Defendant Fashion Nova, Inc. ("Fashion Nova"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, hereby files this Notice of Removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, and states as follows:

### I.   THE PARTIES

1.   The above-captioned matter was filed as a putative class action against Fashion Nova in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2021-021071-CA-01 on September 11, 2021 (the "State Court Action").

2.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441 and 1453.  Under 28 U.S.C. § 1441(a), this entire case may be removed to this Court.

3.   Plaintiff Juan Grieben pleads in the Complaint that he is a citizen and resident of Miami-Dade County, Florida.

4.   Defendant Fashion Nova is a California corporation with its principal place of

business and headquarters in Vernon, California.

## II.      PLAINTIFF'S CLASS ACTION COMPLAINT

5.      True and correct copies of Plaintiff's Summons and Complaint in the State Court Action were served on Fashion Nova on September 17, 2021, and are collectively attached hereto as Exhibit "A."

6.      True and correct copies of all other process, pleadings, and orders in the State Court Action are collectively attached hereto as Exhibit "B."

7.      Plaintiff's Complaint is styled as a "Class Action Complaint" and alleges that Plaintiff brings this "lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." Compl. ¶ 19.  The purported class is defined by Plaintiff as "[a]ll persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." (the "Class").  *Id*. The Complaint alleges that the Class meets all class certification requirements including numerosity, common questions of law and fact, typicality, Plaintiff's adequacy as a representative to "fairly and adequately protect the interests of the Class," and superiority.  *Id*. ¶¶ 21-27.

8.      The Complaint alleges one claim: violation of Florida's Telephone Solicitation Act ("FTSA"), F.S.A. § 501.059.  Compl. ¶¶ 29-36.

9.      Plaintiff asserts that, in September 2021, Fashion Nova sent several text messages to his cellular telephone number.  *Id*. ¶ 11.  Plaintiff claims that he was in Florida when he received the complained-of text messages and that he is "the regular user of the telephone number that received" the texts.  *Id*. ¶¶ 12, 15.  Plaintiff alleges that he never provided Fashion Nova with express written consent to receive the complained-of text messages, and that Fashion Nova sent

the messages using "a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers." *Id*. ¶¶ 16-17.

10.     Plaintiff alleges, on behalf of himself and the purported class, that Fashion Nova violated the FTSA because it "made and/or knowingly allowed telephonic sales calls to be made" both "to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent" and  "utilizing an automated system for the selection or dialing of telephone numbers." *Id*. ¶¶ 30, 34-35.

11.     Plaintiff seeks statutory damages and an injunction requiring Fashion Nova to "cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class." *Id*. at Prayer for Relief.

12.     The Complaint purports to seek "[a]n order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel." *Id*.

**III.     REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT**

13.     The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, provides this Court with original jurisdiction of this case and permits Fashion Nova to remove the State Court Action from Florida state court to this Court.  CAFA provides federal district courts with original jurisdiction over class actions where (1) the number of proposed class members is 100 or greater, (2) any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and (3) the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs).  28 U.S.C. § 1332(d).

**A.     This Case is a Class Action Within the Meaning of CAFA**

14.     CAFA defines "class action" as "any civil action filed under rule 23 of the Federal

Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ."  28 U.S.C. § 1332(d)(1)(B).

15.     Plaintiff styled his Complaint as a "Class Action Complaint," naming himself as the representative of a purported class of consumers.  Thus, this action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453(a).

**B.     Minimal Diversity Exists Amongst the Parties**

16.     CAFA applies where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  CAFA "gives federal courts original jurisdiction over class actions where the amount in controversy exceeds $5,000,000 and there is minimal diversity between the parties (meaning at least one plaintiff and one defendant are from different states)."  *Smith v. Marcus & Millichap, Inc*., 991 F.3d 1145, 1148 (11th Cir. 2021).

17.     Here, minimal diversity exists within the meaning of 28 U.S.C. § 1332(d)(2)(A) because Fashion Nova is not a citizen of the same state as Plaintiff.

18.     Plaintiff asserts that he is a citizen and resident of Miami-Dade County, Florida. Compl. ¶ 5.

19.     Fashion Nova, in turn, is a California corporation with its primary place of business and headquarters in Vernon, California.  *Id*. ¶ 7.  A corporation is a citizen of any state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Weinberger v. Aetna Health, Inc.*, No. 06-20249-CIV, 2008 WL 11333422, at *10 & n.5 (S.D. Fla. Apr. 15, 2008).

**C.     CAFA's Amount in Controversy Requirement is Satisfied**

20.     Subject matter jurisdiction under CAFA for class action diversity applies where

"the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2).  Pursuant to 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

21.     This "amount in controversy" requirement is based on the amount that the plaintiff has placed in controversy, not the amount that the plaintiff is likely to recover.  *Anderson v. Wilco Life Ins. Co*., 943 F.3d 917, 927 (11th Cir. 2019) ( in CAFA amount in controversy analysis, "the pertinent issue is not how much the plaintiffs are likely to ultimately recover, 'it is an estimate of the amount that will be put at issue in the course of the litigation.'").

22.     To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *Anderson*, 943 F.3d at 925.  However, although not required,  "Defendants may introduce their own affidavits, declarations, or other documentation" to demonstrate that CAFA's jurisdictional amount in controversy has been met.  *Gillinov v. Hillstone Rest. Grp.*, 92 F. Supp. 3d 1251, 1254 (S.D. Fla. 2015) (internal quotation marks omitted) (citation omitted); *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 755 (11th Cir. 2010).  In assessing whether the $5 million CAFA amount in controversy threshold has been met, courts "may rely on evidence put forward by the removing defendants, as well as reasonable inferences and deductions drawn from that evidence.  *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co*., 745 F.3d 1312, 1315 (11th Cir. 2014)).

23.     Although Fashion Nova disputes liability and denies that Plaintiff or any putative class members are entitled to any monetary relief, in this case, Plaintiff seeks damages which

exceed the minimum jurisdictional amount of $5,000,000 under CAFA.  *See* Comp. ¶ 36; Oct. 14, 2021 Decl. of Todd Berman ("Berman Decl.") ¶ 2 (attached hereto as Exhibit "C").

24.     Specifically, Plaintiff seeks relief for himself and the proposed class members in the form of statutory damages and an injunction.  Compl. at Prayer for Relief.  The FTSA provides for the recovery of "actual damages or $500, whichever is greater."  F.S.A. § 501.059(10)(a)(2). Those damages may be trebled if a court finds that the defendant "willfully or knowingly violate[s]" the FTSA.  *Id*. § 501.059(10)(b).

25.     Plaintiff's Complaint and the Berman Declaration submitted herewith provide sufficient grounds to find that the alleged total amount in controversy exceeds the statutory minimum for removal.

26.     Specifically, Plaintiff alleges that the proposed class numbers "in the several thousands, if not more," and that Fashion Nova "has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior written consent."  Compl. ¶¶ 20-21.  Nowhere in the Complaint does Plaintiff assert that the amount in controversy is less than the $5,000,000 jurisdiction threshold under CAFA.

27.     Further, the business records of Attentive Mobile, Inc. ("Attentive"), Fashion Nova's text messaging vendor, reflect that, since July 1, 2021 when the FTSA's amendments, which provided for a private right of action, became enforceable, more than 10,000 Fashion Nova marketing text messages were sent to consumers with Florida area codes.  Berman Decl. ¶ 2. Because Plaintiff seeks statutory damages of $500 per violation for himself and each putative class member, the aggregated sum of the alleged statutory damages alone exceeds $5,000,000. His request for attorneys' fees further increase the "sum or value" that his Complaint places in controversy and, added to the statutory damages alleged, yields an amount that easily satisfies

CAFA's jurisdictional amount in controversy.  See 28 U.S.C. § 1332(d)(2); *Oscar v. Noble Sales Co., Inc.*, No. 21-CV-60759-RAR, 2021 WL 3600037, at *2 (S.D. Fla. Aug. 14, 2021) ("the Eleventh Circuit has held that '[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.'") (citations omitted).

28.     These purported damages, which Fashion Nova disclaims, do not include the "benefit that would flow to the plaintiff if the injunction [he seeks] were granted," which also is appropriate for inclusion in calculating the total alleged aggregate amount in controversy. *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1343-44 (11th Cir. 2018) (explaining that injunctive relief may be included in the amount in controversy so long as the value of the injunctive relief is calculated from the plaintiff's perspective, meaning the "monetary value of the benefit that would flow to the plaintiff if the injunction were granted").

29.     Accordingly, under any reading of Plaintiff's Complaint, the alleged damages and/or amounts sought to be recovered and, therefore, the amount in controversy for purposes of 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6), are well in excess of the required $5,000,000 CAFA threshold.

### D.     CAFA's Numerosity Requirement Is Met

30.     Removal under CAFA is appropriate with respect to numerosity so long as the number of all proposed class members in the aggregate is not less than 100.  28 U.S.C. § 1332(d). That requirement is easily satisfied here based on Plaintiff's allegation that the purported class consists of "several thousands" of class members.  Compl. ¶ 20.

## IV.     PROCEDURAL REQUIREMENTS FOR REMOVAL

### A.     The Notice of Removal is Timely

31.     Plaintiff served Fashion Nova's registered agent on September 17, 2021.  *See* Exh.

B at Return of Service.

32.     Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely because it is filed within thirty days after Plaintiff served the Summons and Complaint.

**B.     Venue is Proper for Removal**

33.     The Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is located within the Southern District of Florida.  Therefore, venue is proper in this District pursuant to 28 USC §§ 1441(a) and 1446(a).

**C.     Notice of Filing**

34.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and served upon counsel for Plaintiff.

35.     Fashion Nova has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired in that action.  By filing this Notice of Removal, Fashion Nova expressly preserves and does not waive any defenses that may be available to it.  Moreover, by seeking to demonstrate that the amount in controversy is greater than the minimum jurisdictional amount, Fashion Nova does not concede any liability or admit that the jurisdictional amount is recoverable.  Rather, Fashion Nova specifically denies that any amount is recoverable by Plaintiff or the putative class.

36.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 as required by 28 U.S.C. § 1446(a).

V.      <u>**CONCLUSION**</u>

Wherefore, Fashion Nova prays that this cause proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated:  October 18, 2021                    Respectfully submitted,

_/s/ Aaron S. Blynn_
Aaron S. Blynn
GENOVESE JOBLOVE & BATTISTA, P.A.
Florida Bar No. 0073464
100 S.E. Second Street
44th Floor
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 428-8810
ablynn@gjb-law.com

-and-

Daniel S. Blynn (*pro hac vice* forthcoming)
dsblynn@venable.com
Katelyn J. Patton (*pro hac vice* forthcoming)
kjpatton@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

*Attorneys for Defendant Fashion Nova, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2021, the foregoing Defendant Fashion Nova, Inc.'s Notice of Removal was filed electronically.  I hereby further certify that I caused to be served a copy of the foregoing Notice of Removal on the following parties by United States First Class mail, postage prepaid:

Manuel S. Hiraldo
Hiraldo P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301

\_\_\_/s/ *Aaron Blynn*\_\_\_\_\_
Aaron S. Blynn

*An Attorney for Defendant Fashion Nova, Inc.*