UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23664-BLOOM/Otazo-Reyes

JUAN GRIEBEN, *individually and
on behalf of all others similarly situated*,

      Plaintiff,

v.

FASHION NOVA, INC.,

      Defendant.
_____/

### ORDER ON MOTION FOR LEAVE TO FILE SUR-REPLY

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to File [Sur-Reply] in Opposition to Defendant's Motion to Dismiss, ECF No. [32] ("Motion"), filed on January 13, 2022. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff argues that it should be permitted to file a sur-reply because Defendants' Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [29] ("Reply"), argues "for the first time that there is a well-established presumption that Florida statutes do not apply beyond the state's border." ECF No. [32] ¶ 2. As such, Plaintiff requests leave to file a sur-reply "to address the newly asserted argument and authority in Defendant's Reply." *Id.* ¶ 3. Plaintiff attached the sur-reply he seeks to file to his Motion. ECF No. [32-1] ("Sur-Reply").

Sur-replies will generally only be permitted in exceptional circumstances. *See, e.g.*, *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). "A district court's decision to permit the filing of a sur-reply is purely discretionary and should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant

raises new arguments in its reply brief.'" *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008). "To allow such sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999). Likewise, Local Rule 7.1(c) provides that a party must obtain leave of court to file a sur-reply. S.D. Fla. L.R. 7.1(c). Further, Local Rule 7.1(a)(1) requires that every motion, other than those specifically excepted under the Rule, "shall incorporate a memorandum of law citing supporting authorities." S.D. Fla. L.R. 7.1(a)(1).

As an initial matter, the Court notes that the instant Motion fails to include any legal authority in support of the request to file a sur-reply. Absent some "valid reason" or "exceptional circumstance" to justify additional briefing, the Court will not exercise its discretion in permitting Plaintiff to file a sur-reply. *See First Specialty Ins. Corp.*, 300 F. App'x at 788; *Fedrick*, 366 F. Supp. 2d at 1197. Additionally, on the merits, the Court finds that a sur-reply is unnecessary under these circumstances. Nevertheless, to the extent that Defendant's Reply improperly raises new arguments not addressed in its Motion to Dismiss, ECF No. [24], the Court will disregard such arguments.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [32]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

2